JACOB WICKS ET AL. V. LEVI NEDROW ET AL.

[FILED DECEMBER 31, 1889.]

1. **Religious Societies:** PROPERTY: PARTITION. In the year 1878 two acres of land were conveyed to trustees for the German Baptist church, of Falls City, for cemetery purposes. In 1880 a church edifice was erected for that society on said land, the funds for that purpose being raised by donations and subscriptions by members of the society and others. In May, 1884, differences of an immaterial nature sprang up among the members, and a conveyance of an undivided half of the property made by the trustees of the German Baptist church to the trustees of the Brethren church. This division was acquiesced in by the members and congregations of both organizations for three years, one organization occupying the church edifice on the first and third Sundays of each month, and the other on the second and fourth. *Held,* That the compromise being apparently fair, and having been acquiesced in for a long period, it should not be disturbed.

2. ———: ———: SALE. It being impossible to divide the property a judgment directing its sale and a division of the proceeds would be sustained.

APPEAL from the district court for Richardson county. Heard below before BROADY, J.

*E. W. Thomas*, and *Frank Martin*, appellants:

The German Baptist church has legal capacity to own the property described in the petition. (*Trustees v. Froislie*, 37 Minn., 447 [35 N. W. Rep., 260].) Seceders from a congregation part with their interest in the church property, and the latter belongs to the portion which adheres to the old doctrines. (*Fernstler v. Seibert*, 114 Pa. St., 196 [6 Atl. Rep., 165]; *M. E. Church v. Wood*, 5 Ohio, 283; *Rottman v. Bartling*, 22 Neb., 412.) The same is true where parties are excommunicated, as in this case. (*Gartin v. Penick*, 5 Bush [Ky.], 110 [9 Am. L. Reg. (N. S.) 211]; *Watson v. Jones*, 13 Wall. [U. S.], 679; see also 12 Am. L. Reg. [N. S.], 344.) All members should have been notified of the special meeting at which the property was given away. (*People v. Peters*, 4 Neb., 254; *Russell v. State*, 13 Id., 70; *Martin v. State*, 23 Id., 384, and cases cited.)

*Isham Reavis*, and *C. Gillespie*, for appellees:

The church had the right to divide the property between the two factions. (Angell & Ames, Corp., sec. 194; *Keyser v. Stansifer*, 6 Ohio, 363; *Wiswell v. Church*, 14 Ohio St., 31; *Gartin v. Penick, supra.*) The notice given at a regular Sabbath meeting was sufficient. (*Hubbard v. German Catholic Cong.*, 34 Ia., 31; *Eggleston v. Doolittle*, 33 Conn., 396; *Horton v. Baptist Church*, 34 Vt., 309; *Rex v. Whittaker*, 9 B. & C. [Eng.], 648; Angell & Ames, Corp., secs. 501, 502, 505.)

MAXWELL, J.

This action was brought by the plaintiffs against the defendants to cancel a deed to the defendants and quiet the plaintiff's title and possession to a certain church edifice in

Richardson county. The defendants in their answer claim to be the owners of an undivided one-half of the property and ask the court to order a partition of the same. On the trial of the cause the court dismissed the petition for want of equity, and as the building could not be divided, ordered that the same be sold and the proceeds equally divided.

The testimony tends to show that in the year 1878 two acres of ground were conveyed to the trustees of the "German Baptist church" of Falls City, and their successors, to be used by said church for cemetery purposes, the consideration being $40; that the plaintiffs thereupon took possession of said land, and about the year 1880 erected thereon a church edifice costing from $1,500 to $2,000. This money was raised by donations and private subscriptions, by members of the church and others. About the year 1884 differences seem to have arisen among the members, principally in regard to certain articles of dress; the result was the conveyance to the trustees of the defendants of an undivided one-half of the church property. Both organizations arranged their meetings so as to avoid a conflict, one organization occupying the edifice on the first and third Sundays of each month, and the other on the second and fourth. This arrangement continued from May, 1884, till the bringing of this suit, in April, 1888.

The principal contention of the plaintiffs is that the trustees of the plaintiffs had no authority to execute a deed to the defendants and that such deed is absolutely void. The testimony shows that there is but little or no difference in the doctrines of the two organizations, the principal controversy being over matters of apparently trifling importance; that all parties had contributed to the erection of the building and all seem to have acquiesced in the division of the property and its use. The attempt of the plaintiff to prove that the title to the property was in a body different from that of the trustees of the plaintiff at the time the deed was executed by them to the defendant was an

utter failure.   The title seems to have been in the trustees and their conveyance having been acquiesced in for so long a time, and being, so far as appears, a just and fair division of the property, we are not prepared to say that the judgment of the court below is wrong, particularly where the testimony as to the rights of the respective parties is as meagre as in this case.   Neither party seceded, but there being differences which prevented the members from working together harmoniously, they compromised their differences by dividing the property and occupying it on alternate Sundays.   This compromise was acquiesced in for so long a period that it should not now be disturbed, and if from any cause the parties have so far forgotten the teachings of the Master as to be unable to dwell together in unity, then the property should be divided that each organization may receive its due portion.   This the judgment of the court below will accomplish.   It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.